FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 21 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **10CV00130**

MONTGOMERY CARL AKERS,
    Applicant,

v.

BLAKE R. DAVIS,
    Respondent.

---

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND
DISMISSING THE ACTION

---

Applicant Montgomery Carl Akers is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Akers has submitted to the Court *pro se* "Applicant's Motion to Commence a Civil Action in the U.S. District Court, District of Colorado Per a Sanction Order Contained in Akers v. Sandoval, Case No. 94-cv-2445-B and for Leave to File the Same," a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Clerk of the Court will be directed to commence a civil action. For the reasons stated below, the action will be dismissed.

Mr. Akers is subject to a sanction order that restricts his ability to file *pro se* actions in this court. *See Akers v. Sandoval*, No. 94-B-2445 (D. Colo. June 20, 1995); *aff'd*, 100 F.3d 967 (10th Cir. 1996). In 94-B-2445, Mr. Akers was

> enjoined and prohibited from initiating any civil action in the
> United States District Court for the District of Colorado

> without representation by an attorney licensed to practice in
> the State of Colorado or duly admitted to practice in the
> United States District Court for the District of Colorado
> unless he first obtains leave of court to proceed pro se.

*Id.* at 3. Although Mr. Akers has filed a motion seeking leave of court to proceed *pro se* in this action, that motion will be denied.

Mr. Akers improperly is attempting to assert claims challenging the conditions of his confinement in a habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Mr. Akers is not challenging the validity of his conviction or the execution of his sentence. Instead, he challenges the conditions of his confinement. Specifically, Mr. Akers claims in the application that his right to send and receive mail and his right of access to the courts have been violated because Respondent has implemented a policy of holding his mail, which allegedly has prevented him from accessing the courts. Mr. Akers requests "injunctive relief against a rogue and clandestine policy of holding mail in retaliation by Warden Blake R. Davis for Applicant's civil filing(s)." (Application at 5.)

Generally, a prisoner's challenge to the conditions of his or her confinement is cognizable in a civil rights action. **See, e.g., Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991). Mr. Akers previously has been advised that he may not pursue claims challenging the conditions of his confinement in a habeas corpus action. **See Akers v. Merrill**, No. 09-cv-00069-ZLW (D. Colo. Jan. 15, 2009); **Akers v. Wiley**, No. 07-cv-02206-ZLW (D. Colo. Dec. 19, 2007). Mr. Akers also has been advised that he

will not be allowed to avoid the $350.00 filing fee for a civil action pursuant to 28 U.S.C. § 1914(a) by asserting conditions of confinement claims in a habeas corpus action. **See Akers v. Merrill**, No. 09-cv-00069-ZLW (D. Colo. Jan. 15, 2009). Despite these advisements, Mr. Akers again attempts to avoid the filing fee for a civil action and challenge the conditions of his confinement in a habeas corpus action. He will not be allowed to do so. Furthermore, because Mr. Akers improperly is seeking to challenge the conditions of his confinement in a habeas corpus action despite being advised that he may not do so, the motion to proceed *pro se* will be denied. Accordingly, it is

ORDERED that the clerk of the Court commence this civil action. It is

FURTHER ORDERED that "Applicant's Motion to Commence a Civil Action in the U.S. District Court, District of Colorado Per a Sanction Order Contained in Akers v. Sandoval, Case No. 94-cv-2445-B and for Leave to File the Same" is denied. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed in accordance with the sanction imposed in **Akers v. Sandoval**, No. 94-B-2445 (D. Colo. June 20, 1995). It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action is denied as moot.

DATED at Denver, Colorado, this 20 day of January, 2010.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   **10CV00130**

Montgomery Carl Akers
Reg. No. 02866-081
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on __1/21/10__

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk